IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT M. LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALEXANDER LORENZO GEE, W. OWEN,<br><br>　　　　Defendants<br>_____ | No. C 05-3540 MMC (PR)<br><br>**ORDER OF DISMISSAL; DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 2 & 3) |

　　Plaintiff, an inmate at Pelican Bay State Prison, filed the above-captioned civil rights complaint under 42 U.S.C. § 1983. Plaintiff names two defendants: his roommate, Alexander Gee ("Gee"), and a Correctional Officer W. Owen ("Owen"). He alleges that Gee has sexually harassed and threatened him, and that Owen tried to make plaintiff fall while he was handcuffed to a waist chain.

**DISCUSSION**

**A.　Standard of Review**

　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id.

§ 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

**B.     Defendant Gee**

The complaint fails to state a claim against Gee because Gee is not a state actor.  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting "under color of state law."  See West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff's complaint fails on the second of these elements because the only defendant named in the complaint is a private individual who does not act "under color of state law."  A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  Id. at 49.  A private individual, such as plaintiff's cellmate, does not act under color of state law.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Simply put: there is no constitutional right to be free from the infliction of deprivations by private individuals.  See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).  As the defendant in this case is not a state actor, but rather a private individual, plaintiff may not pursue any § 1983 claims against him.  Accordingly, the claims against defendant Gee are DISMISSED.

**C.     Defendant Owen**

The complaint also fails with respect to defendant Owen, as the complaint is premature. Plaintiff has recently written to the Court indicating that his administrative grievance against Owen "is still at the third level in Sacramento, California."  The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  See 42 U.S.C. § 1997e(a).  The exhaustion requirement under § 1997e(a) is mandatory and not merely directory.  Porter v. Nussle, 122 S. Ct. 983, 988 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  See id. (citation omitted).  Even when the prisoner

seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. See id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. See Porter, 122 S. Ct. at 992.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections ("Director") in Sacramento, California. See Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

A concession to nonexhaustion is a valid ground for dismissal, provided no exception to exhaustion applies. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). Here, plaintiff concedes in his letter to the Court that he has not had a final decision from the Director's level of review on his grievance against defendant Owen. Such a decision is necessary in order to satisfy the PLRA's exhaustion requirement. As it is clear from plaintiff's letter that he has not completed all levels of administrative appeal available to him, dismissal of his claims against Owen without prejudice is appropriate.

**CONCLUSION**

For the foregoing reasons, plaintiff's claims against defendant Gee are DISMISSED for failure to state a cognizable claim for relief; plaintiff's claims against defendant Owen are DISMISSED without prejudice to refiling after administrative remedies have been exhausted.

In light of this dismissal, the application to proceed in forma pauperis is DENIED and no fee is due. Plaintiff's request for appointment of counsel likewise is DENIED. There is no

right to appointment of counsel in civil actions such as this.

This order terminates Docket Nos. 2 and 3.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: September 20, 2005

_____
MAXINE M. CHESNEY
United States District Judge